UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:17-cv-01720-JLS-JDE                     Date: April 04, 2018
Title:  Jannelle Dorame v. Sprint United Management Company et al.

Present:  **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Dwayne Roberts                                           N/A
         Deputy Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:


             Not Present                                    Not Present


**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
                 MOTION TO REMAND (Doc. 18)**

     Before the Court is a Motion to Remand filed by Plaintiff Jannelle Dorame.
(Mot., Doc. 18.)  Defendants Sprint/United Management Company and Teresa Lewis
opposed, (Opp., Doc. 21), and Plaintiff replied, (Reply, Doc. 22).  The Court finds this
matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal.
R. 7-15.  Accordingly, the hearing set for April 6, 2018, at 2:30 p.m., is VACATED.  For
the following reasons, the Motion to Remand is GRANTED.


## I.      BACKGROUND

     Plaintiff Jannelle Dorame is a citizen of California.  (Comp. ¶ 1, Doc. 3-1 at 4.)
Defendant Sprint/United Management Company is a corporation that is both incorporated
in and has its principal place of business in Kansas.  (Notice of Removal ¶ 14, Doc. 1 at
5.)  Defendant Teresa Lewis is a citizen of California.  (Compl. ¶ 4; Notice of Removal ¶
15.)
     Plaintiff worked at Sprint's Garden Grove location between approximately
December 2012 and February 28, 2017; her final position was as Assistant Store
Manager.  (Compl. ¶¶ 12-13.)  Plaintiff took maternity leave beginning in 2014, and
returned in April 2015.  (*Id*. ¶ 15.)  When she returned from maternity leave, Lewis had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-01720-JLS-JDE          Date: April 04, 2018
Title: Jannelle Dorame v. Sprint United Management Company et al.

become the District Manager for her store. (*Id*. ¶ 16.) Plaintiff understood from her previous District Manager that she would be promoted upon her return from maternity leave, so Lewis conducted an informal interview with Plaintiff. (*Id*.) During the interview, Lewis asked Plaintiff if she wanted to have more children. (*Id*.)

In or around May or June 2015, Plaintiff was waiting for her promotion to become official when she was informed by Chris Montana, the Store Manager, that Regional Manager Jay Butt did not want her to be promoted. (*Id*. ¶ 17.) Plaintiff alleges that she believes Butt knew that she had recently returned from maternity leave. (*Id*.) Plaintiff became pregnant again in or around January 2016 and applied for leave on or about August 1, 2016; she was placed on maternity leave on or about August 9, 2016. (*Id*. ¶ 18.)

While Plaintiff was on leave in or around November 2016, she received a message from Lewis forwarded from Montana stating that Lewis expected her back from leave. (*Id*. ¶ 19.) Plaintiff responded that her case manager told her that she was qualified for extended leave. (*Id*.) Soon after, Montana was replaced at the Garden Grove location by Kemal Ibrahim. (*Id*. ¶ 20.) Ibrahim told Plaintiff that Lewis had told him that Plaintiff's paid leave would expire at the end of November. (*Id*.) On or about November 14, 2016, Plaintiff's extension for baby bonding leave was approved through approximately January 9, 2017, which she passed on to Ibrahim. (*Id*. ¶ 21.)

Plaintiff alleges that in December 2016, Lewis promoted three Assistant Store Managers to Store Manager within the district and failed to promote Plaintiff despite her seniority and "higher composite score." (*Id*. ¶ 22.)

After Plaintiff returned from maternity leave in early January 2017, she alleges that she experienced retaliation. (*Id*. ¶ 23.) For example, in February 2017, Ibrahim sent Plaintiff a series of emails regarding her work performance. (*Id*. ¶ 24.) Plaintiff requested a meeting with Ibrahim, during which he informed her that Lewis had instructed him to email Plaintiff about the concerns and to copy Lewis on the emails. (*Id*.) Plaintiff also learned that Lewis had initiated an investigation of Plaintiff's time records, even though Plaintiff was a salaried employee. (*Id*. ¶ 25.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-01720-JLS-JDE                    Date: April 04, 2018
Title: Jannelle Dorame v. Sprint United Management Company et al.

On February 28, 2017, Plaintiff met with Lewis and District Manager Eddie Cisneros. (*Id*. ¶ 26.) They told Plaintiff that she was being terminated due to her clock-in times. (*Id*.) Plaintiff alleges that this reason is pretext for discrimination based on sex (pregnancy) and retaliation for requesting and taking medical leave. (*Id*. 27.)

Plaintiff brought suit in Orange County Superior Court on August 21, 2017, alleging: (1) discrimination based on sex in violation of the Fair Employment and Housing Act, California Government Code section 12940(a); (2) harassment based on sex in violation of FEHA, California Government Code section 12940(k); (3) failure to prevent discrimination and harassment based on sex in violation of FEHA, California Government Code section 12940(k); (4) interference with California Family Rights Act leave California Government Code section 12945.2(a), (t); (5) retaliation in violation of FEHA and CFRA, California Government Code sections 12940(b), 12945.2(l); (6) wrongful termination in violation of public policy; and (7) unfair business practices pursuant to California Business and Professions Code section 17200. She also brought three claims for wage and hour violations for failure to provide meal and rest breaks, failure to provide accurate wage statements, and waiting time penalties in violation of California Labor Code sections 203, 226(a), and 512. The sole claim brought against Lewis is the second cause of action for harassment.

On October 2, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal ¶ 10.) Defendants alleged that Lewis' California citizenship did not affect the Court's jurisdiction because she was a "sham defendant." (*Id*. ¶ 16.) On February 23, 2018, Plaintiff filed her Motion to Remand, asserting a lack of subject matter jurisdiction. (Mot. at 2.)

## II.    **LEGAL STANDARD**

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside [the]

Case No.: 8:17-cv-01720-JLS-JDE       Date: April 04, 2018
Title: Jannelle Dorame v. Sprint United Management Company et al.

limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In establishing diversity jurisdiction, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.* "There is a strong presumption against finding fraudulent joinder: 'In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not *possibly* recover against the party whose joinder is in question.'" *Cervantes v. Wells Fargo Bank, N.A.*, No. 15-cv-178-JLS-DTBx, 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) (emphasis in original) (citing *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted) (emphasis added), and "the failure is obvious according to the settled rules of the state," *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 2001), may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon v. Allstate Indemnity Co.*, No. 11-cv-05538-GAF (PJWx), 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339 (citation omitted).

### III. <u>DISCUSSION</u>

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-01720-JLS-JDE                    Date: April 04, 2018
Title: Jannelle Dorame v. Sprint United Management Company et al.

On February 23, 2018, Plaintiff filed the instant Motion, arguing that complete diversity between the parties is lacking because Plaintiff and Lewis are both California citizens. (Mot. at 2.) Defendants argue that Lewis is a fraudulently joined "sham" defendant whose citizenship should be disregarded for purposes of diversity. (Opp. at 1.)

As an initial matter, the Court concludes that Plaintiff's motion is timely. Defendants argue that a motion to remand that is based on a procedural defect must be filed within thirty days of removal pursuant to 28 U.S.C. section 1447(c). (*Id*.) However, Plaintiff's Motion asserts only a lack of subject matter jurisdiction due to lack of complete diversity; it does not invoke the forum defendant rule. (Mot. at 2.) Because a lack of subject matter jurisdiction can be raised at any time, Plaintiff's Motion is timely.

Plaintiff's sole claim against Lewis is for harassment based on sex in violation of FEHA. (*See* Compl. ¶¶ 40–52.) To establish a prima facie case for a harassment under FEHA, a plaintiff "must show that [she] was subjected to unwelcome [sex]-related 'verbal or physical conduct that was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive work environment.'" *Hooker v. Parker-Hannifin Corp.*, No. SACV 11-483-JLS (Ex), 2012 WL 1156437, at *4 (C.D. Cal. Apr. 3, 2012), *aff'd*, 585 F. App'x 386 (9th Cir. 2014) (quoting *Stevens v. Cnty. of San Mateo*, No. 06-15634, 267 Fed. Appx. 684, 685-86 (9th Cir. Feb. 22, 2008)).

Defendants argue that Plaintiff's allegations against Lewis fail for two reasons. First, Defendants argue that Lewis' alleged conduct was not "sufficiently severe or pervasive" to rise to the level of actionable harassment. (Opp. at 9-12.) They argue that Lewis' question to Plaintiff during the informal interview about whether Plaintiff planned to have additional children is outside the statute of limitations. (*Id*.) Plaintiff argues that the continuing violations doctrine applies, and that this question was "sufficiently similar in kind" to later actions like contacting Plaintiff during her leave about her return-to-work date. (Mem. at 15-16, Doc. 18-1.) To determine if the doctrine applies, courts consider whether an employer's actions are "sufficiently similar in kind," whether "they occur with sufficient frequency," and whether "they have not acquired a degree of 'permanence' so that employees are on notice that further efforts at informal conciliation with the employer . . . would be futile." *Richard v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 802

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.: 8:17-cv-01720-JLS-JDE                     Date: April 04, 2018
Title:  Jannelle Dorame v. Sprint United Management Company et al.

(2001).  The Court concludes that Plaintiff has demonstrated at least a possibility that a court would apply the continuing violations doctrine to allow consideration of Lewis' comment at the interview in April 2015.

Second, Sprint argues that Lewis' conduct in passing on allegedly incorrect information about Plaintiff's return-to-work date, instructing Plaintiff's manager to pass on critical comments, and investigating her clock-in times, are "personnel or management decisions" rather than harassment.  (Opp. at 5.)  However, even "necessary" managerial actions, when undertaken in a demeaning manner, may constitute harassment under FEHA.  *See Roby v. McKesson Corp.*, 47 Cal. 4th 886, 706 n.10 (Cal. 2009), *as modified* (Feb. 10, 2010) (discussing how official employment actions done in furtherance of a supervisor's managerial role may constitute harassment, and even "necessary" actions may constitute harassment if they are undertaken in a demeaning manner).  Moreover, Defendants' reliance on *Cofer v. Parker-Hannifin Corp.* is unavailing.  194 F. Supp. 3d 1014 (C.D. Cal. 2016.)  In *Cofer*, the plaintiff alleged only personnel-related actions, not rude or hostile comments "or anything else aside from official employment actions."  *Id*. at 1020.  Here, however, it is plausible that Lewis' question to Plaintiff about her plans to have children – made in the context of a discussion about promotion −sent a negative message that was reinforced by subsequent personnel actions.  Like in *Roby*, Plaintiff plausibly argues that the "hostile comments made directly to [her] constitute[] actionable harassment."  *Cofer* at 1021.

The Court also finds unpersuasive Defendants' reliance *Wexler v. Jensen Pharmaceuticals, Inc.*, No. 15-cv03518-AB (JWX), 2015 WL 6159101, at *6 (C.D. Cal. Oct. 20, 2015).  (Opp. at 7-8.)  In that case, the court held that "the employment actions alleged in the Complaint do not plausibly have 'a secondary effect of communicating a hostile message.'"  *Id*. at *6 (quoting *Roby*, 47 Cal. 4th at 709).  The Court has determined that Plaintiff has demonstrated at least a possibility that the continuing violations doctrine applies, and that a factfinder may be allowed to consider Lewis' question to Plaintiff about whether she wanted to have more children.  Considering both this question and Lewis' subsequent alleged communications about when Plaintiff was

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-01720-JLS-JDE                    Date: April 04, 2018
Title:  Jannelle Dorame v. Sprint United Management Company et al.

due back at work, the Court is not persuaded that there is *no* pos`sibility that Plaintiff could establish that these personnel messages communicated a hostile message.

Finally, the Court expresses no opinion as to whether these allegations taken as a whole are sufficient to rise to the level of actionable harassment.  However, to the extent that there is such a deficiency, Plaintiff could seek leave to amend to allege additional facts that demonstrate the pervasiveness and severity of Lewis' conduct.  *See Cervantes*, 2015 WL 2127215, at *3.

Accordingly, Defendants have failed to establish that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against [Lewis]." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999) (citation omitted).


IV.    <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.

Initials of Preparer:  _____